FILED
United States Court of Appeals
Tenth Circuit

March 6, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EDDIE BLAINE CUMMINGS,

Defendant-Appellant.

No. 11-6313
(D.C. No. 5:10-CR-00125-R-1)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

---

Eddie Blaine Cummings entered a guilty plea to one count of being a felon

in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). His plea

agreement included a waiver of his right to appeal any matter in connection with

his sentence, unless the district court departed upward from the advisory

guideline range. Mr. Cummings was sentenced to 96 months of imprisonment,

---

[*]     This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

within the advisory guideline range. Notwithstanding the appeal waiver, he filed an appeal seeking to challenge his sentence. The government now has moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

Under *Hahn*, in evaluating a motion to enforce a waiver, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. In response to the government's motion, Mr. Cummings, through counsel, concedes each of these factors.

We have reviewed the record and Mr. Cummings's response, and we agree that the appeal falls within the scope of the waiver, all the evidence of record shows that Mr. Cummings knowingly and voluntarily waived his right to appeal, and enforcing the waiver would not result in a miscarriage of justice. Accordingly, the motion to enforce the appeal waiver is GRANTED and this matter is DISMISSED.

ENTERED FOR THE COURT
PER CURIAM